**Gordon O. HAMMON**

v.

**PENNSYLVANIA RAILROAD COMPANY, a corporation.**

**Civ. A. No. 13055.**

United States District Court
W. D. Pennsylvania.

June 15, 1956.

Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

John D. Rhodes, Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

On November 4, 1952, plaintiff was a machinist's helper for defendant in the Juniata Locomotive Shop of defendant, located at Altoona, Pennsylvania. While he was rolling a pit log above him as he worked at the bottom of a pit, he slipped and received injuries to his left leg, muscles and nerves.

■ This action was brought under the Federal Employers' Liability Act, § 1, 45 U.S.C. § 51. The jury returned a verdict in favor of plaintiff for $9,000. The issues which were agreed upon by the parties and which were submitted to the jury are as follows:

1. Was the defendant Railroad Company negligent, in whole or in part, in failing to provide the plaintiff employee a reasonably safe place in which to work under the circumstances of this case or/and in failing to provide the plaintiff employee with sufficient help to perform the operation of setting an engine; if so, did such negligence in whole or in part contribute to the injuries which the plaintiff employee sustained?

2. If the defendant did fail to provide the plaintiff with a safe place to work November 4, 1952, was the plaintiff contributorily negligent by failing to observe and avoid such unsafe conditions or lack of help as prevailed so as to cause or contribute to the accident which occurred on November 4, 1952? If so, to what extent or degree?

The action is now before us on defendant's motion for a new trial. The first reason assigned for a new trial is that the verdict was grossly excessive. This reason is sustained. There was no loss of earnings or impairment of earning power by reason of the accident in this case. The expenses of the plaintiff were limited to two doctor bills amounting to $265. There was pain, suffering and inconvenience, but it was not sufficient to prevent plaintiff from working from the date of the accident up to and including the date of trial.

The other reasons in support of defendant's motion for a new trial are without merit and are not sustained.

■ The Court refused Point two of defendant's request for instructions to the jury which asked to limit recovery for pain and suffering to the date of trial. The evidence was that plaintiff had pain, suffering and inconvenience from the date of the accident November 4, 1952, to and including the date of trial in February, 1956 and that it was still active at the date of trial. It would seem to me that the jury could find from this evidence and also from evidence of plaintiff's doctor that it would continue at least for a short time thereafter. The refusal of Point two does not affect sub-

stantial rights of defendant. See Fed. Rules Civ.Proc. rules 61 and 51, 28 U.S. C. At any rate the substantial rights of defendant are protected by Court Order providing for the reduction of verdict or, in the alternative, for the granting of a new trial.

This same protection applies also with respect to any prejudice which the defendant might have suffered as a result of the remarks of plaintiff's attorney about insurance.